IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| TODD SCHRIER,<br><br>Plaintiff,<br><br>vs.<br><br>JIM SALMONSEN, BLUDWORTH, SHELLY STEYH, DR. MOLNAR, AND DR. BLAUSD,<br><br>Defendants. | CV-23-60-H-BMM-JTJ<br><br>ORDER |

Plaintiff Todd Schrier has moved for a temporary restraining order and a preliminary injunction. (Docs. 33 and 34.) The motions are fully briefed. Both motions will be denied.

Schrier filed both motions on the same day, and the motions are related though they seek different relief. Schrier contends that Loftis, a case manager at Montana State Prison ("MSP"), is refusing to notarize his bank statements, which limits his ability to use his money. (Doc. 34.) Schrier alleges that Loftis is retaliating against him for filing this lawsuit. Schrier seeks a 90-day injunction, though he is not explicit about what the injunction would entail, other than a blanket ban on retaliation, and maybe an order directing Loftis to notarize his documents. (Doc. 33.)

Both groups of defendants responded. (Docs. 37 and 38.) The State of Montana Defendants, Salmonsen and Steyh, point the Court to the legal standards

1

for issuance of a preliminary injunction and Schrier's failure to meet any of the requirements. (Doc. 37.) The State of Montana Defendants also emphasize that the person at whom the injunction is aimed, Loftis, is not a party to this suit and thus is not properly subject to this Court's injunctive authority.

The CoreCivic Defendants, Bludworth and Molnar, rest on the fact that they are not the appropriate responsive parties to any issue related to MSP. (Doc. 38.)

### A. Legal Standard for Issuing Preliminary Injunction

A preliminary injunction "should not be granted unless the movant, *by a clear showing,* carries the burden of persuasion." *Lopez* v. *Brewer,* 680 F.3d 1068, 1072 (9th Cir. 2012) (citations omitted, emphasis in original). The party seeking an injunction must show the following: 1) that they are likely to succeed on the merits; 2) that they are likely to suffer irreparable harm in the absence of preliminary relief; 3) that the balance of equities tips in their favor; and 4) that an injunction is in the public interest. *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). (The Court construes Schrier's motions together as a request for a preliminary injunction, since Defendants have responded.)

The Prison Litigation Reform Act ("PLRA") further constrains the Court's authority to enter an injunction.

> Preliminary injunctive relief must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct that harm.

2

> *The court shall give substantial weight to any adverse impact on public safety or the operation of a criminal justice system*.

18 U.S.C. § 3626(a)(2) (emphasis added).

Schrier's motions fail to meet the standard required for issuance of an injunction.

### 1. Likelihood of Success on the Merits

Consideration of the first factor shows Schrier's motions must be denied. Schrier alleges that a non-party may retaliate against him in the future and is retaliating by not assisting him with his banking. These claims and this person are not part of Schrier's lawsuit and thus, they are unrelated to any success he may have on the merits of his suit. This factor weighs against the issuance of injunctive relief.

### 2. Likelihood of Irreparable Harm

Schrier has not credibly asserted the likeliness of irreparable harm. Schrier identifies difficulty accessing his funds and unspecified future retaliation as potential harms. Neither of these alleged harms proves sufficient. "Issuing a preliminary injunction based only on a possibility of irreparable harm is inconsistent with our characterization of injunctive relief as an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter*, 555 U.S. at 22. Schrier has not established the likelihood of irreparable harm.

### 3. The Balance of Equities/Public Interest

"Where the government is a party to a case in which a preliminary injunction

is sought, the balance of the equities and public interest factors merge." *Roman v. Wolf*, 977 F.3d 935, 940 (9th Cir. 2020). Given that Schrier has not carried his burden on the other two factors, there are no equities to weigh. The public's interest is against frivolous and unwarranted injunctions. Schrier has failed to establish any grounds in support of an injunction.

Accordingly, the Court issues the following:

### ORDER

1. Plaintiff's Motion for a Temporary Restraining Order is **DENIED**. (Doc. 33.)

2. Plaintiff's Motion for a Preliminary Injunction is **DENIED**. (Doc. 34.)

3. At all times during the pendency of this action, Schrier must immediately advise the Court and opposing counsel of any change of address and its effective date. Failure to file a Notice of Change of Address may result in the dismissal of the action for failure to prosecute pursuant to Fed. R. Civ. P. 41(b).

DATED this 13th day of February, 2024.

_____
Brian Morris, Chief District Judge
United States District Court