IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| TODD SCHRIER, | CV 23-60-H-DWM |
| Plaintiff, | |
| vs. | ORDER |
| JIM SALMONSEN, et al., | |
| Defendants. | |

Summary judgment having been denied, this matter is scheduled for trial.

The trial will take place on **February 10, 2025**.

**1.** The following schedule will govern all further proceedings:

| | |
|---|---|
| Plaintiff's Requests for Trial Subpoenas | January 3, 2025 |
| Conference to Prepare Final Pretrial Order: | week of January 20, 2025 |
| File Final Pretrial Order, Exhibits, Proposed Jury Instructions, Proposed Voir Dire Questions, and Trial Briefs: | February 3, 2025 |
| Notice to Court Reporter of Intent to Use Real-Time: | February 3, 2025 |
| Notice to I.T. Supervisor of Intent to Use CD-ROM or | |

| | |
|---|---|
| Videoconferencing: | February 3, 2025 |
| Final Pretrial Conference: | February 10, 2025, at 8:30 a.m.<br>Paul G. Hatfield Federal Courthouse<br>901 Front Street<br>Helena, MT 59626 |
| Jury Trial (7-member jury): | February 10, 2025, at 9:30 a.m.<br>Paul G. Hatfield Federal Courthouse<br>901 Front Street<br>Helena, MT 59626 |

**2.  Number of Jurors and Length of Trial**.  Trial of this case shall be conducted in Helena, Montana, before a jury of seven persons.  The names of potential jurors shall not be made available to the parties until the final pretrial conference on February 10, 2025.   The Court has set aside two days for trial.

**3.  Conference for Trial Preparation**.  On or before date set forth above in paragraph 1, counsel for Defendants shall convene a conference with Mr. Schrier to complete the Final Pretrial Order, to exchange exhibits and witness lists, and to complete or plan for the completion of all items listed in L.R. 16.4(b).  The Final Pretrial Order shall comply with the form prescribed by Fed. R. Civ. P. 26(a)(3)(A)(i)-(iii) and Local Rule 16.4.  Except for relevancy, objections to the use or designation of deposition testimony are waived if they are not disclosed on the opposing party's witness list, and objections to exhibits are waived if they are

not disclosed on the opposing party's exhibit list.  *See generally* Forms D, E, and F, Local Rules Appendix C.  These rules were previously provided to Mr. Schrier.

**4.  Final Pretrial Order**.  Mr. Schrier and defense counsel must hand sign the proposed Final Pretrial Order.  Defense counsel shall scan and file the proposed document electronically on or before the date set forth above in paragraph 1.  *See* Local Rule 11.2(a).  Counsel for Defendants shall also e-mail a copy of the proposed Final Pretrial Order to dwm_propord@mtd.uscourts.gov on or before the date set forth above in paragraph 1.  Once filed and signed by the Court, the Final Pretrial Order supersedes all prior pleadings and may not be amended except by leave of court for good cause shown.

**5.  Trial Exhibits**.

(a)   Exhibits must be exchanged between the parties prior to the submission of the Final Pretrial Order.

(b)   Each party must submit two copies of each document exhibit to the Court as follows:

(i)  The first set must be mailed to the Clerk of Court in Helena on or before the date set forth above in paragraph 1.  Mr. Schrier must mail these documents via the United States Postal Service.  Mr. Schrier's exhibits submitted

to the Clerk of Court must be clearly labeled and arranged in numerical order.  The Clerk of Court will scan these exhibits into JERS.

Counsel shall provide an electronic copy of Defendants' exhibits to the Court's courtroom deputy in Helena on or before the date set forth in paragraph 1 in a format compatible with the Jury Evidence Recording System (JERS).  JERS is available through the Court.  It allows jurors to use a touch-screen to see the evidence admitted at trial in the jury room during their deliberations.  Detailed information about how to use JERS, including contact information for District personnel who can assist in understanding and using JERS, is found on the Court's website, http://www.mtd.uscourts.gov, under the heading "Attorneys."

(ii) The second set of document exhibits shall be submitted for the exclusive use of the Judge and delivered to the chambers of Judge Molloy in Missoula on or before the date set forth above in paragraph 1.  Defendants' exhibits shall be contained in a binder and must bear an extended tab showing the number of the exhibit.  Mr. Schrier's document exhibits must be arranged in numerical order and may be, but need not be, bound in a loose-leaf binder, with or without extended tabs.  These documents must be mailed to Judge Molloy in Missoula.

(c)     Each exhibit must show the number of the exhibit.  The exhibit lists must identify those exhibits the party expects to offer and those the party may offer if the need arises.  Fed. R. Civ. P. 26(a)(3)(A)(iii); Form F, Local Rules Appendix C.

(d)     Exhibits marked for use at trial that have not been numbered in discovery shall be marked by Mr. Schrier using an agreed upon range of Arabic numbers and by Defendants using a different agreed upon range of Arabic numbers.  The parties shall not use the same range of exhibit numbers.

(e)     Each exhibit document will be paginated, including any attachments thereto.  That is, any document exhibits that contain more than one page must have page numbers clearly marked on each page of the exhibit.  Exhibit numbers shall not obscure the text or substance of the exhibit.  They shall be numbered in such a manner that if a sheet were to fall out it would be clear where it would properly belong, e.g., Pl.'s 2nd page of Ex. 1 would be numbered 1-2, 3rd page 1-3, etc.

(f)     <u>Exhibits shall not be duplicated</u>.  If one party plans to offer a particular exhibit, the other party shall not number and submit the same exhibit.  An exhibit may be used by either of the parties.  No two exhibits shall bear the same number.

5

(g)  All objections to any particular exhibit must be made at or before the final pretrial conference.  Objections not timely made will be deemed waived at trial.

(h)  <u>Failure to comply with (a) through (g) above may result in the exclusion of the exhibit at trial.</u>

**6.  Trial Briefs**.  Trial briefs are optional but if filed must be received by the Court on the date indicated in paragraph 1.

**7.  Final Pretrial Conference**.  A final pretrial conference will be held on the date and time set forth in paragraph 1 with a jury trial to follow immediately thereafter at the Paul G. Hatfield Federal Courthouse in Helena.

**8.  Jury Instructions**.

(a)     The parties shall jointly prepare jury instructions upon which they agree (proposed joint instructions).  If necessary, each party may also prepare a set of proposed supplemental instructions if different from the agreed joint instructions.  **No two instructions shall be submitted with the same number.** The parties shall also prepare an agreed upon verdict form with the instructions.  If a verdict form cannot be agreed to, each party shall prepare a separate verdict form together with a written statement explaining why they do not agree on a joint verdict form.

6

(b) <u>Filing of Joint Proposed Jury Instructions and Joint Proposed Verdict Form</u>:  By the date set forth in paragraph 1, any party filing electronically shall (1) file one working copy of the Joint Proposed Jury Instructions and Joint Proposed Verdict Form, and (2) e-mail the same documents, plus a clean copy of each, to dwm_propord@mtd.uscourts.gov.

(c) <u>Electronic Filers' Supplemental Proposed Jury Instructions and Separate Verdict Forms</u>:  By the date set forth in paragraph 1, each party shall (1) file one working copy of its supplemental proposed Jury Instructions, together with its proposed verdict form if the parties do not jointly propose one; and (2) e-mail the same documents, plus a clean copy of each, format to dwm_propord@mtd.uscourts.gov.

(d) <u>Conventional Filers' Supplemental Proposed Jury Instructions and Separate Verdict Forms</u>:  By the date set forth in paragraph 1, Mr. Schrier shall submit one working copy of his supplemental proposed Jury Instructions, together with his proposed verdict form if the parties do not jointly propose one.

**9. Format of Jury Instructions.**

(a)    The <u>clean copy</u> shall contain:

(1)    a heading reading "Instruction No. ___ ", and

(2)    the text of the instruction.

(b)    The <u>working copy</u> shall contain:

    (1)    a heading reading "Instruction No. ＿",

    (2)    the text of the instruction,

    (3)    the number of the proposed instruction,

    (4)    the legal authority for the instruction, and

    (5)    the title of the instruction; i.e., the issue of law addressed by the proposed instruction.

(c)    Jury instructions shall be prepared in 14-point Times New Roman font.

**10. Settling of Instructions**.  The parties are advised that final instructions for submission to the jury will be settled, on the record, prior to closing argument, at which time the parties may present argument and make objections.

**11. Calling Witnesses at Trial**.  When a witness is called to testify at trial, the parties shall provide to the Clerk of Court four copies of a single page document, *see* Form I, Local Rules Appendix C, providing the following information about the witness:

a) the full name and current address of the witness;

b) a brief description of the nature and substance of the witness's testimony;

c) date witness was deposed or statement taken

8

d) a listing of each exhibit to which the witness may refer during direct examination.

**12. Technology.** Any party intending to use CD-ROM technology or video teleconferencing for witnesses at trial shall notify the Court's I.T. Supervisor on or before the date set forth above in paragraph 1.

The parties shall provide notice to the court reporter on or before the date set forth above in paragraph 1 of their intent to use real-time.

**13. Writs and Subpoenas.**

(a) Defendants may subpoena witnesses in the usual manner. Defendants must issue subpoenas to witnesses on their will-call witness list and may not release those witnesses without leave of Court.

(b) Mr. Schrier's Subpoena Requests; Time to File.

(1)     As Mr. Schrier has been granted leave to proceed in forma pauperis, 28 U.S.C. § 1915(d) requires officers of the Court to issue and serve witness subpoenas for trial. Therefore, the Court will have the United States Marshals Service serve proper subpoenas requested by Mr. Schrier. **Mr. Schrier must submit his subpoena requests to the Court on or before the date set forth above in paragraph 1.** Those subpoena requests must comply with the requirements set forth herein or the subpoenas will not be served. These subpoena

9

requests must be submitted pursuant to the Prisoner E-Filing Project at Montana State Prison.

   (2) Mr. Schrier's subpoena requests must identify the witness by name, current address, a brief description of their expected testimony, an indication whether they are prisoners or not and whether Mr. Schrier anticipates that they will be prisoners at the time of trial, and on what date and at what time Mr. Schrier anticipates they will testify.  Mr. Schrier shall prepare a subpoena form for each witness he wants to subpoena to trial.  The Clerk of Court will provide him a copy of the standard subpoena form.

  (c)  Mr. Schrier's Witnesses for Whom a Subpoena is Required.

  (1) If Mr. Schrier wishes to call a prisoner as a witness, he must request a subpoena for the prisoner.  Prisoner witnesses will most likely appear by video.

   (2) Non-prisoner witnesses who will appear voluntarily need not be subpoenaed.  However, if Mr. Schrier expects a witness to appear voluntarily but the witness does not do so, trial will not be delayed while he attempts to serve a subpoena on the witness.  The Court may decline to order the Marshals Service to attempt to serve a subpoena that is not requested at the time set forth in paragraph 1.

   (3) Mr. Schrier need not subpoena any witness who is on

Defendants' will-call witness list.  However, if Defendants move before trial to quash a subpoena to any of will-call witnesses, and if Mr. Schrier opposed quashing of the subpoena, Mr. Schrier may be required to pay that witness's fees.

      (4)    Mr. Schrier is advised that unretained expert witnesses may not be subpoenaed and that subpoenas may issue only to individuals who reside, are employed, or who regularly transact business in the District of Montana.  *See* Fed. R. Civ. P. 45(c)(3).

      (d)  Witness Fees.

      (1)    Prisoner-witnesses are not entitled to fees.

      (2)    As to all other witnesses Mr. Schrier intends to subpoena, and notwithstanding his forma pauperis status, Mr. Schrier must pay the witness fees appropriate to each witness.  Each witness is entitled to $40.00 plus mileage for the distance between his or her home or work address and the courthouse at a rate of $0.575 per mile.  *See* 28 U.S.C. § 1821(b), (c)(2), (f); *Tedder v. Odel*, 890 F.2d 210 (9th Cir. 1989).

      (3)    The witness fee must be paid by institutional check or money order **made payable to the witness**.  The check or money order must be mailed separately to the Clerk of Court in Helena, Montana.  The Court will not order service of any subpoena unless the Clerk's Office receives the appropriate witness

11

attendance fee.

       (4)     Subpoenas issued by the Court pursuant to Mr. Schrier's request will be served on the witness(es) by the United States Marshals Service. *See* 28 U.S.C. § 1915(d).

**Mr. Schrier must promptly inform the Court and opposing counsel for the Defendants of any change of address.**

DATED this **23rd** day of July, 2024.

                                       _____
                                       Donald W. Molloy, District Judge
                                       United States District Court